KILLIAN OTT *v.* THOMAS GRAVES, ET AL.

**Appeal to the Circuit Court—Dismissal.**

The fact that there is no bill of exceptions filed affords no grounds for the dismissal of an appeal taken to the circuit court.

**Highway.**

Before the public can take private property for a public highway or for any other public purpose against the consent of the owner, the provisions of the statute authorizing it must be substantially complied with.

APPEAL FROM PENDLETON CIRCUIT COURT.

April 26, 1876.

OPINION BY JUDGE LINDSAY:

We are unable to perceive the ground upon which the appeal in this case was dismissed by the circuit court. Counsel state that it was because there was no bill of exceptions showing what had transpired in the county court. The want of a fee bill of exceptions precluded the circuit court from inquiring into any question of fact, and if the proceedings in all other regards had conformed to the provision of the law on the subject in controversy, an affirmance of the judgment of the county court would have been necessary and proper; but the fact that there is no bill of exceptions, afforded no reason for the dismission of the appeal. Without a bill of exceptions the circuit court has the right to inquire into the sufficiency of the report of the viewers, and also to determine whether or not the judgment of the county court establishing the road is irregular and erroneous upon its face.

The viewers report that the proposed road is to begin "At a rock in the center of the county road leading from the Lightfoot Road to the Falmouth Road, and witnessed by a double line tree." It passes a black oak in the line of Nicholas Lovelace, and terminates at a rock set in the road leading from Grassey Creek to Falmouth by way of Emanuel Calcords and Nick Travelores.

It is perfectly apparent that the location of the rocks at the two ends and of the black oak on the line of the road, cannot be determined with any degree of accuracy. The location of the two rocks should be fixed, by reference to the land or farms bordering on the two roads in which they are set. Some fixed and immovable object should be mentioned, and the course and the distance therefrom of the rocks, stated. The judgment of the court establishes the road on the line reported by the viewers, and adds nothing whatever to its certainty. A practice so loose as this cannot be tolerated, when private property is being taken for public use against the will of the owner. In such cases, the provisions of the statute must be substantially complied with.

Judgment *reversed* and cause remanded with instructions to the circuit court to overrule the motion to dismiss the appeal, and for further proceedings consistent with this opinion.

*Duncan & Roberts,* for appellant.
*C. H. Lee, A. D. Clark,* for appellees.